UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00689-FWS-SPx | Date | May 13, 2026 |
| Title | Jesse Rasso v. The Home Depot, et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:** **(In Chambers) Order Granting Defendant's Motions to Compel [23] [24] and Motion to Deems Matters Admitted [25], and Granting in Part Defendant's Request for Sanctions**

## I. INTRODUCTION

On March 16, 2026, defendant Home Depot U.S.A. Inc. filed three discovery motions: (1) a motion to compel plaintiff Jesse Rasso's initial responses to defendant's requests for production ("RFPs") ("MTC RFPs") (docket no. 23); (2) a motion to compel plaintiff's initial responses to defendant's interrogatories ("MTC Rogs") (docket no. 24); and (3) a motion to deem admitted matters in defendant's requests for admission ("RFAs") ("RFA Mtn.") (docket no. 25). Each motion is supported by a declaration of defendant's counsel Courtney Ung ("Ung RFP Decl."), ("Ung Rog Decl."), ("Ung. RFA Decl."), and exhibits. *Id.* Defendant also seeks sanctions. *Id.* Plaintiff did not file an opposition or otherwise respond to any of the motions.

The court found a hearing on the motions would not be of assistance and so vacated the hearing scheduled for April 14, 2026. Docket no. 26. The court now grants defendant's discovery motions and grants in part defendant's request for sanctions.

## II. BACKGROUND

On April 30, 2024, plaintiff filed his initial complaint in state court. Ung RFP Decl. ¶ 3.[1] Defendant was served with a copy of the state court complaint on February

---

1 The three Ung declarations are largely identical. The court cites only to the Ung RFP Decl. unless the declarations differ.

12, 2025. *Id.* Defendant then filed a timely notice of removal on March 14, 2025. *Id.* ¶ 4. Plaintiff thereafter filed a First Amended Complaint, and defendant filed its Answer on July 23, 2025.

On January 13, 2026, defendant served plaintiff with its first sets of RFPs, interrogatories, and RFAs. *Id.* ¶ 6, Ex. A; Ung Rog Decl. ¶ 6, Ex. A; Ung RFA Decl. ¶ 6, Ex. A. Under the Federal Rules of Civil Procedure, plaintiff's responses were due on February 12, 2026. Ung RFP Decl. ¶ 6; Ung Rog Decl. ¶ 6; Ung. RFA Decl. ¶ 6.

Defendant did not receive any discovery responses from plaintiff and therefore sent an email to plaintiff's counsel on March 2, 2026, requesting that the parties meet and confer. Ung RFP Decl. ¶ 7, Ex. B. Defendant did not receive a response to its email and so left voicemails for plaintiff's counsel on March 9 and 11, 2026. *Id.* ¶ 8. As of the filing of its motion, defendant has not received any response or communication from plaintiff about the pending discovery matters or defendant's attempts to meet and confer. *Id.* ¶ 9. Defendant has also never received plaintiff's responses to its RFPs, interrogatories, or RFAs. *Id.* ¶ 10; Ung Rog Decl. ¶ 10; Ung RFA Decl. ¶ 10.

Defendant filed the instant motions on March 16, 2026. Docket nos. 23-25. The discovery cutoff in this case is June 30, 2026. Docket no. 18.

## III. <u>DISCUSSION</u>

### A. <u>The Joint Stipulation Requirement Is Excused</u>

The local rules of this court generally require that any motion to compel be filed in the form of a joint stipulation. L.R. 37-2. But that requirement is excused where a party has failed to meet and confer as required by Local Rule 37-1. L.R. 37-2.4. Given that defendant made several attempts to meet and confer with plaintiff regarding plaintiff's failure to respond to defendant's RFPs, interrogatories, and RFAs and were met with no response, it is apparent plaintiff has failed to meet and confer in a timely manner as required under the local rules. *See* docket no. 22 ¶¶ 3-6. Defendant is thus excused from bringing the motion in the form of a joint stipulation.

//

## B. The Motions Are Granted

Defendant moves the court to: (1) compel production of all documents responsive to its RFPs; (2) compel responses to its interrogatories; and (3) have its RFAs deemed admitted. Plaintiff failed to file a response to any of defendant's three discovery motions by the March 24, 2026 deadlines (*see* L.R. 7-9), or at all, and has also failed to respond to any of defendant's attempts to meet and confer about his failure to produce discovery responses. As such, plaintiff is deemed to have consented to the granting of the motions. *See* L.R. 7-12.

### 1. Plaintiff Must Produce Responsive Documents

A party may serve a request to produce documents, electronically stored information, or other tangible things on any other party to the case. Fed. R. Civ. R. 34(a). The party receiving the request then has 30 days to respond in writing. Fed. R. Civ. P. 34(b)(2)(A). If the party to whom the request was directed fails to respond within 30 days, the party seeking discovery may move to compel the production of responsive documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

Here, defendant served its first set of RFPs on January 13, 2026. Ung RFP Decl. ¶ 6, Ex. A. Under Rule 34, plaintiff's RFP responses were therefore due on February 12, 2026. Defendant received no response from plaintiff regarding its RFPs. *Id.* ¶ 10. Defendant attempted to contact plaintiff's counsel regarding its failure to produce in compliance with his discovery obligations but was unable to make contact. *Id.* ¶¶ 7-8, Ex. B. Plaintiff has failed to comply with the requirements of Rule 34, failed to respond to defendant's attempts to meet and confer, and failed to file any opposition to defendant's motion to compel. By failing to respond in any fashion to the RFPs by the deadline to do so, plaintiff waived any objection to the RFPs. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

With plaintiff having offered no objection or excuse for his failure to respond, defendant's motion to compel responses to its first set of RFPs is granted. Plaintiff must serve verified responses to defendant's RFPs without objection and produce all

responsive documents by **May 26, 2026.**

**2. <u>Plaintiff Must Respond to Defendant's Interrogatories</u>**

Under Federal Rule of Civil Procedure 33, a party may serve an interrogatory related to "any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). If the responding party fails to answer an interrogatory within 30 days, the party seeking discovery may move to compel an answer under Rule 37. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii).

Defendant served its first set of interrogatories on January 13, 2026. Ung Rog Decl. ¶ 6, Ex. A. Under Rule 34, plaintiff's RFP responses were due on February 12, 2026. Defendant received no response from plaintiff regarding its interrogatories. *Id.* ¶ 10. Defendant attempted to contact plaintiff's counsel regarding its failure to answer its interrogatories in compliance with his discovery obligations but was unable to make contact. *Id.* ¶¶ 7-8, Ex. B. Plaintiff has failed to comply with the requirements of Rule 33, failed to respond to defendant's attempts to meet and confer, and failed to file any opposition to defendant's motion to compel. And as with the RFPs, by failing to timely object to the interrogatories, plaintiff has waived any objection to the interrogatories. Fed. R. Civ. P. 33(b)(4).

Accordingly, defendant's motion to compel responses to its first set of interrogatories is granted. Plaintiff must serve verified answers to defendant's interrogatories, in full and without objection, by **May 26, 2026.**

**3. <u>Defendant's RFAs Are Deemed Admitted</u>**

"A party may serve on any other party a written request to admit, for the purposes of the pending action only, the truth of any matters . . . relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). Under the Federal Rules, "[a] matter is admitted unless, within 30 days of being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Defendant served its first set of RFAs on January 13, 2026. Ung RFA Decl. ¶ 6, Ex. A. Under Rule 36, plaintiff's RFA responses were due on February 12, 2026, or they are deemed admitted. Defendant received no response from plaintiff regarding its RFAs. *Id.* ¶ 10. Defendant attempted to contact plaintiff's counsel regarding its failure to answer its interrogatories in compliance with his discovery obligations but was unable to make contact. *Id.* ¶¶ 7-8, Ex. B. Plaintiff has failed to submit responses to defendant's RFAs in the time limit provided by Rule 36, failed to respond to defendant's attempts to meet and confer, and failed to file any opposition to defendant's motion to compel. As a result, the matters in all of defendant's RFAs are deemed admitted.

**C. <u>Defendant's Request for Sanctions Is Granted in Part</u>**

Defendant seeks sanctions under Rule 37(a)(5). MTC RFP at 5; MTC Rogs at 5. Plaintiff failed to respond to any of defendant's discovery requests, engage in the meet and confer process, or file an opposition to the instant motions. MTC RFP at 5; MTC Rogs at 5.

Rule 37(a)(5)(A) provides that the moving party on a discovery motion is entitled to an award of its reasonable expenses incurred in bringing the motion, including attorney's fees, if it prevails or if the disclosure or requested discovery is provided after the motion was filed, except no payment should be ordered if: (1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the losing party's position was substantially justified; or (3) other circumstances make award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5) also provides the court may apportion the reasonable expenses for the motion where a discovery motion is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C).

Here, plaintiff has entirely failed to participate in the discovery process. Defendant has demonstrated that it served plaintiff with its RFPs and interrogatories and made several attempts to meet and confer with plaintiff in good faith. Plaintiff has offered no excuse for his failure to comply with his discovery obligations, having failed to respond to defendant's motion entirely. The court therefore finds sanctions are warranted.

Defendant claims it incurred $ 1,425.00 in attorney fees in bringing its motion to compel RFP responses and $1,425.00 in attorney fees in bringing its motion to compel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00689-FWS-SPx | Date | May 13, 2026 |
| Title | Jesse Rasso v. The Home Depot, et al. | | |

responses to its interrogatories. Ung RFP Decl. ¶ 11; Ung Rog Decl. ¶ 11. Counsel charges an hourly rate of $285/hour. For the motion to compel RFP responses, counsel spent 2 hours drafting the motion and estimated an additional 3 hours for reviewing any opposition filed, preparing a reply, and preparing for and appearing at the hearing. Ung RFP Decl. ¶¶ 11(a)-(c). For the motion to compel responses to its interrogatories, counsel spent 2 hours drafting the motion and estimated an additional 3 hours for reviewing any opposition filed, preparing a reply, and preparing for and appearing at the hearing. Ung Rog Decl. ¶¶ 11(a)-(c). The court finds the hourly rate and time spent on the motions are reasonable. However, since no opposition was filed and the court did not hold a hearing on these motions, the court deducts a collective $1,710.00 estimated fees for reviewing any opposition, filing a reply, and the scheduled court appearance. The court therefore orders plaintiff to pay defendant sanctions in the amount of $1,140.00.

## IV. ORDER

IT IS THEREFORE ORDERED that defendant's three discovery motions (docket nos. 23, 24, and 25) are granted as set forth above, and defendant's request for sanctions is granted in part as set forth above.